UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:15-cr-219-Orl-41TBS

GEORGE ADRIEN BROOKS

**SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION IN *LIMINE*
OR, IN THE ALTERNATIVE, MOTION IN *LIMINE* UNDER Fed. R. Evid. 414(a),
<u>BASED ON NEWLY DISCOVERED EVIDENCE</u>**

The United States of America, by and through the undersigned Assistant United States Attorney, files a Supplemental Response in Opposition to the Defendant's Motion in *Limine* (Doc. 29) or, in the alternative, a motion in *limine* under Fed. R. Evid. 414, and moves the Court in *limine* to allow trial evidence of the defendant's sexual molestation of a seven-year-old boy, and statements regarding prior instances of sexual molestation of a 16-year-old boy and the sexual enticement of a 12-year-old boy. *See* Doc. 30. In support of the motion, the United States submits the following memorandum.

**BACKGROUND**

1. Today, a relative of the defendant (J.G.) sent an e-mail to SA Rodney Hyre disclosing that 44 years ago, when he was about seven-years-old, the defendant sexually assaulted him. Exhibit A. This information came to SA Hyre as a surprise and was not the product of any proactive investigation in this case.

2. After SA Hyre received the e-mail, he called J.G. and interviewed him. J.G. elaborated on the information previously provided to SA Hyre via e-mail. Specifically, J.G. alleged that when he was about seven years of age, on several occasions, J.G. woke up to the defendant performing oral sex on him. J.G. also stated that the defendant exposed his penis to him when they showered together. J.G. noted that the defendant was uncircumcised.

3. J.G. also indicated that within the last few days he learned about the case through BROOKS' daughter. J.G. then sought to and obtained contact information for SA Rodney Hyre.

4. J.G. said he is willing to testify in this case about the above-mentioned incident.

5. Today, at 11:53 a.m. the government provided disclosure of this information to the defendant through his counsel of record. Exhibit B. The government submits there is good cause for this disclosure as the government had no reason to know about this evidence and the same was immediately disclosed to the defendant once the government was able to confer with J.G. *See* Fed. R. Evid. 414(b).

6. The government hereby supplements its response to the Defendant's Motion in *Limine* and requests from the Court to deny the Defendant's Motion in *Limine* (Doc. 29), and make a finding that this newly discovered evidence (as well as the evidence addressed in the government's

original response (Doc. 30)) is admissible under Rule 414(a) or, alternatively, Rule 404(b).

### *Evidence of Defendant's Molestation of 7 and 10-year-old Boys is Relevant and Admissible*

Fed. R. Evid. 414(a) permits the government to introduce evidence of child molestation offenses committed by a defendant charged with an offense of child molestation. Fed. R. Evid. 414(a). Pursuant to the statute, "child" is defined as a person below the age of 14, and "child molestation" is defined as a crime under federal or state law involving (1) any conduct prohibited by chapters 109A and 110 of Title 18 of the United States Code (sexual exploitation of a child, including production, distribution, receipt, and possession of child pornography); (2) <u>sexual contact with a child</u>; or (3) an <u>attempt</u> or conspiracy to engage in sexual contact or sexual exploitation of a child. Fed. R. Evid. 414(d)(1) & (2)(A)-(F). Specifically, Fed. R. Evid. 414(d)(2)(D) & (F) defines child molestation as "any contact between the defendant's genitals or anus and any part of a child's body" as well as the attempt to do so. The use of the word "any" evinces Congress' intent that these rules have broad application.

In this case, BROOKS is charged with an offense of child molestation as defined under Rule 414. Specifically, the government will introduce evidence that from on or about September 5, 2015, to on or about September 10, 2015, the defendant attempted to persuade, induce, or entice a 10-year-old boy, through an adult intermediary, to engage in illicit sexual conduct, namely, oral sex, in violation of Florida Law.

Because the defendant's conduct in this case constitutes an offense of child molestation, evidence that the defendant sexually molested a 7-year-old boy is admissible, and may be considered for its bearing on any matter to which it is relevant. Fed. R. Evid. 414(a); *See also, United States v. Levinson*, 504 Fed. Appx. 824, 827-28 (11th Cir. 2013).

Rule 414 incorporates Congress' view that evidence of prior offenses of child molestation is "typically relevant and probative," and is an exception to the general rule that "propensity" evidence is not admissible. 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole); *see also United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (noting "the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible").

Pursuant to Rule 414, evidence of other crimes of child molestation "may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). Thus, evidence admitted under this rule may be considered by the jury for any relevant purpose including proof that the defendant had a sexual interest in children. *See United States v. Levinson*, 504 Fed. Appx. at 827-28.

The *Levinson* Court recognized that "evidence that a defendant engaged in child molestation in the past is admissible to prove that the defendant has a disposition of character that makes it more likely that he did commit the act of child molestation charged in the instant case." The Eleventh Circuit also engaged in a Rule 403 analysis, but noted that "[i]n evaluating the district's court

4

ruling under Rule 403 we view the evidence in the light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.* at 828-29. The Eleventh Circuit then found that evidence of the defendant's other Internet chat sessions and possession of child pornography was admissible under Rule 404(b) at trial for using a computer to attempt to persuade a minor to engage in sexual activity and committing a felony offense involving a minor as a registered sex offender, since it was relevant to the issue of intent, was reliable, and was not substantially more prejudicial than probative. *Id.* The Court also found that Levinson's conviction for the sexual abuse of his daughter was admissible under both Rule 404(b) and Rule 414. *Id. See also United States v. Carino*, 368 Fed. Appx. 929-30 (11th Cir. 2010) (*per curiam*) (unpublished) ("[I]n prosecutions for possessing or receiving child pornography evidence that a defendant has engaged in child molestation in the past is admissible as evidence that he is more likely to have committed the offense charged.").

Although the Eleventh Circuit has not addressed the issue of whether Fed. R. Evid. 403 applies to Rule 414, the government submits that before admitting evidence under Rule 414, this Court should determine whether admissibility would result in unfair prejudice to the defendant under Rule 403. *Carino*, 368 Fed. Appx. at 930 (citing *United States v. Kelly*, 510 F.3d 433, 437 n.3 (4th Cir. 2007). Relevant factors for the Court's consideration are: 1) the similarity between the previous offenses and the charged crimes; 2) the temporal proximity

between the two crimes; 3) the frequency of the prior acts; 4) the presence or absence of any intervening acts; and 5) the reliability of the evidence of the past offenses.  *United States v. Kelly*, 510 F.3d at 437.

BROOKS' sex crime against a seven-year-old boy, his statements to the UC that he had responded to a Craigslist ad similar to the one he posted in this case (*see* Doc. 30, Exhibits 1 & 2) and it involved the father of a 12-year-old, as well as his post-*Miranda* statements corroborating his intent to engage the 12-year-old in sexual activity, are highly probative of his intent and motive to commit the crimes charged in the Indictment, and are not unfairly prejudicial.

BROOKS' sexual molestation of J.G., as well as the statements BROOKS made to the UC regarding the 12-year-old boy, constitute evidence of the defendant's interest in incest and his sexual appetite for young minor boys.  This is highly probative of BROOKS' intent and motive to induce a notional 10-year-old boy to engage in oral sex through his purported father.  *See United States v. Cunningham*, 103 F.3d 553, 556 (7th Cir. 1996) (Prior instances of sexual misconduct with a child victim may establish a defendant's sexual interest in children and thereby serve as evidence of the defendant's motive to commit a charged offense involving the sexual exploitation of children.).

Furthermore, although the sexual molestation of J.G. occurred about 44 years ago, the defendant's ads soliciting incestuous relations ("I could be your long lost uncle" *See* Doc. 30, Exhibits 1 & 2, as well as Exhibit C (BROOKS' Craigslist ads dating back to 2013)) and statements to the U.C. regarding his

6

attempt to entice a 12-year-old boy to engage in sexual activity about four years ago, indicate the evidence is reliable and there is no risk of unfair prejudice to the defendant.  In *Carino*, 386 Fed.Appx. at 929-30, the defendant was charged with receipt and possession of child pornography.  After conducting the balancing test under Fed. R. Evid. 403, the district court determined (and the Eleventh Circuit affirmed the ruling) that testimony of the defendant's molestation of a child some 32 years prior to the trial date was admissible under Rule 414(a).  *Id.*

Finally, the evidence is admissible under Rule 414 as evidence of BROOKS' propensity to commit the instant offense.  *See United States v. McGuire*, 627 F.3d 622, 626-27 (7th Cir. 2010) (testimony of four victims whom priest sexually molested admissible under Rule 414 to prove propensity in a case charging priest with traveling in foreign commerce with young boy for the purpose of engaging in sexual conduct).  Evidence of the prior instances where BROOKS molested a seven-year-old boy, and the attempt to engage a 12-year-old boy in sexual activity, through an adult intermediary, establishes that the defendant had a sexual interest in minor boys and that he had a propensity to commit other crimes of child molestation against minor boys, such as the attempt to entice, persuade or induce a 10-year-old boy into engaging in illicit sexual conduct in this case.

The probative value of said evidence substantially outweighs any unfair prejudicial effect.  J.G. is willing to take the stand and affirm under oath that when he was about seven years of age his then uncle, BROOKS, sexually assaulted

7

him by performing oral sex on him on several occasions. J.G. is aware that he may be cross examined by the defense. J.G.'s only interest is the pursuit of justice in this case. J.G.'s sexual victimization by BROOKS and the evidence that BROOKS attempted to sexually entice a 12-year-old boy about four years ago, is highly probative of the defendant's motive and intent. Those prior instances of sexual molestation are strikingly similar to the offense alleged in the current Indictment, the acts are sufficiently close in time to the conduct charged in the instant case, and the government's need to introduce the evidence is strong since the physical evidence in this case is limited to the communications between the UC and BROOKS. Similarly, the defendant disputes that he intended to entice a minor into engaging illicit sexual conduct. The evidence of his prior sexual molestation of a seven-year-old boy and the attempt to entice a 12-year-old boy establish the defendant's propensity to commit the offense and his intent to induce a minor into engaging in oral sex with him.

### *Fed. R. Evid. 404(b)*

As an alternative argument, the government also requests from the Court to admit this newly acquired evidence, as well as the evidence of the defendant's statements regarding sex acts with a 16-year-old boy and his attempt to sexually exploit a 12-year-old boy, under Fed. R. Evid. 404(b). The evidence is admissible to prove BROOKS motive, intent, knowledge, and absence of mistake or accident under Fed. R. Evid. 404(b). Evidence of other crimes or wrongs is inadmissible to prove a defendant's character in order to show that a defendant

8

acted in conformity with that character. Fed. R. Evid. 404(b); *United States v. Wright*, 392 F.3d at 1276; *United States v. Levinson*, 504 Fed. Appx. at 827.

However, such evidence may be admissible for such purposes as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The evidence should be admitted if 1) the evidence is relevant to an issue other than the defendant's character, 2) the act is established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act, 3) the probative value of the evidence outweighs its unfair prejudice, and 4) the evidence meets the other requirements of Rule 403. *United States v. Matthews*, 431 F.3d 1296, 1310-1311 (11th Cir. 2005) (Rule 404(b) evidence admissible to prove intent; a not guilty plea in the context of a drug conspiracy charge renders a defendant's intent a material issue.) Like Rule 402, Rule 404(b) is a rule of inclusion. *See United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994)("'[t]he second sentence of Rule 404(b) is a rule of inclusion and 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case."). Rule 403 is an "extraordinary remedy ... which should be used sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Fallen*, 256 F.3d 1082, 1091 (11th Cir. 2001). Thus, "the balancing test prescribed by Rule 403 militates in favor of admissibility." *Wright*, 392 F.3d at 1276.

BROOKS' sexual molestation of his nephew, J.G., when he (J.G.) was seven-years-old, and statements to the UC regarding his prior sexual conduct with minors and BROOKS' interest in incestuous relations, as well as his post-*Miranda* statements about his fantasies about having sex with children, are all relevant to show motive, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident. Because the defendant pleaded not guilty to the attempt charge, his intent is a material issue in the case that the government must prove beyond a reasonable doubt. BROOKS' sexual molestation and his interest in incestuous relations with children is relevant and admissible to establish his intent and motive to attempt to induce a child, through his father, into engaging in sexual activity as charged in the Indictment. BROOKS' sexual appetite for children tends to show that he knowingly attempted to induce a minor into engaging in sexual activity. Said evidence also defeats any argument of mistake, accident or entrapment. Moreover, as discussed above, the probative value of the evidence as corroborated by BROOKS' post-*Miranda* statements substantially outweighs any unfair prejudicial effect. The prior offense conduct at issue, namely, performing oral sex on his seven-year-old nephew when BROOKS was about 26 years of age, receiving oral sex from a 16 year-old-boy (about six months prior to the instant offense) and the enticement of a 12-year-old minor (about four years prior to the instant offense) is quite similar to the offense alleged in the Indictment, the defendant's acts are not so far apart with the conduct charged in the instant case, and the government's need to introduce

the evidence is strong since knowledge, motive, and intent are disputed in the case. Moreover, any potential prejudice against the defendant can be mitigated by a cautionary instruction to the jury to consider the evidence only for the purpose of determining whether the defendant had the state of mind or intent necessary to commit the crime charged in the Indictment. Thus, the significant probative value of said evidence substantially mitigates any danger of unfair prejudice to the defendant.

For the foregoing reasons, the United States of America prays from the Honorable Court to deny the defendant's motion at Doc. 29, and to admit the evidence of BROOKS' sexual molestation of J.G., and BROOKS' statements regarding sexual activities involving 16 and 12-year-old boys.

    Respectfully submitted,

    A. LEE BENTLEY, III
    United States Attorney


By: *s/ Ilianys Rivera Miranda*
    ILIANYS RIVERA MIRANDA
    Assistant United States Attorney
    USA No. 150
    400 W. Washington Street, Suite 3100
    Orlando, Florida 32801
    Telephone: (407) 648-7500
    Facsimile:  (407) 648-7643
    E-mail:    ilianys.rivera@usdoj.gov

**U.S. v. GEORGE ADRIEN BROOKS**        Case No. 6:15-cr-219-Orl-41TBS

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

  James T. Skuthan, Assistant Federal Defender

  Alisha Marie Scott, Assistant Federal Defender

  Conrad Kahn, Federal Defender Attorney

*s/ Ilianys Rivera Miranda*
ILIANYS RIVERA MIRANDA
Assistant United States Attorney
USA No. 150
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:    ilianys.rivera@usdoj.gov