UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.  Case No: 6:15-cr-219-Orl-41TBS

**GEORGE ADRIEN BROOKS**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Renewed Motion for Judgment of Acquittal ("Renewed Motion," Doc. 86) and Defendant's Corrected Renewed Motion for Judgment of Acquittal ("Corrected Motion," Doc. 87). Counsel for Defendant did not sign the Renewed Motion but appears to have filed the Corrected Motion to remedy the defect. The Renewed Motion will therefore be denied as moot and the Corrected Motion will be denied as set forth below.

**I.  Background**

Defendant was charged by Indictment (Doc. 1) with a single count of Enticement of a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b). The case proceeded to a three-day jury trial commencing on March 2, 2016. At the close of the Government's case, Defendant filed a seventeen-page document titled Mr [sic] Brooks' Motion for Judgment of Acquittal ("Motion," Doc. 69). Defendant argued in the Motion that when viewing all the evidence in a light most favorable to the Government, no reasonable jury could find Defendant guilty beyond a reasonable doubt. The Court denied the Motion then permitted the jury to deliberate on the merits of the case. The jury found Defendant guilty as charged. (Verdict Form, Doc. 79). Defendant now

seeks judgement of acquittal in the Corrected Motion under Federal Rule of Criminal Procedure 29(c), adopting by reference all of the arguments previously made in the Motion.

## II.    MOTION FOR JUDGMENT OF ACQUITTAL

"In deciding a motion for entry of judgment of acquittal under [Federal Rule of Criminal Procedure] 29(c), district courts . . . . must view the evidence in the light most favorable to the government and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989) (citations and internal citations omitted). "The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial . . . ." *Id.* (citations omitted). "[T]he court must accept all reasonable inferences and credibility determinations made by the jury." *Id.* "[T]he issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006) (citation omitted).

In the Court's view, the jury properly weighed the evidence in rendering a verdict. Viewing all of the evidence in the light most favorable to the Government, the Court determines that the jury's conclusions were reasonable, and that Defendant is not entitled to judgment of acquittal.

## III.    Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Corrected Renewed Motion for Judgment of Acquittal (Doc. 87) is **DENIED**.

2. Defendant's Renewed Motion for Judgment of Acquittal (Doc. 86) is **DENIED as moot**.

    **DONE** and **ORDERED** in Orlando, Florida on March 24, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record